# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# ASHLAND DIVISION

| | |
|---|---|
| Kyle Ellis, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : **COMPLAINT** |
| Deca Financial Services, LLC; and DOES 1-10, inclusive, | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Kyle Ellis, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kyle Ellis ("Plaintiff"), is an adult individual residing in Ashland, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Deca Financial Services, LLC ("Deca"), is an Indiana business entity with an address of 10500 Kincaid Drive, Suite 150, Fishers, Indiana 46037 9764, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Deca and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Deca at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $350.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Deca for collection, or Deca was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Deca Engages in Harassment and Abusive Tactics

12. Beginning in or around February 2013, Deca started contacting Plaintiff in an attempt to collect the Debt by placing telephone calls to both Plaintiff's cellular phone and Plaintiff's place of employment.

13. On at least one occasion, Plaintiff explained to Deca that he could not take personal calls regarding the Debt at his place of employment. Due to this restriction, Plaintiff requested Deca contact him only on his cellular telephone.

14. Deca, despite awareness of such, continued to place calls to Plaintiff's place of employment in its collection efforts.

15. Plaintiff also explained to Deca that he would be unable to answer his cellular telephone during regular business hours and directed Deca to call before 10:00a.m.

16. In response, Deca accused Plaintiff of "dodging" Deca's telephone calls.

17. Moreover, Deca continued to place calls to Plaintiff at times it knew to be inconvenient for Plaintiff, much to Plaintiff's annoyance and frustration.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**15 U.S.C. § 1692,** *et seq*.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff during a time known to be inconvenient for the Plaintiff.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT, Ky. Rev. Stat. Ann. § 367.110, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants are each individually a "person" as defined by Ky. Rev. Stat. Ann. § 367.110(1).

31. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Ky. Rev. Stat. Ann. § 367.170.

32. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Ky. Rev. Stat. Ann. § 367.220(1) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ky. Rev. Stat. Ann. § 367.220(3);

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 24, 2013

                                   Respectfully submitted,

                                   By   */s/ Joseph E. Blandford, Jr.*

                                   Joseph E. Blandford, Jr., Attorney at Law
                                   1387 S. Fourth Street
                                   Louisville, Kentucky 40208
                                   Telephone: (855) 301-2100 Ext. 5535
                                   Facsimile: (888) 653-9237
                                   jblandford@lemberglaw.com

                                   <u>Of Counsel To</u>
                                   LEMBERG & ASSOCIATES L.L.C.
                                   A Connecticut Law Firm
                                   1100 Summer Street, 3rd Floor
                                   Stamford, CT 06905
                                   Telephone: (203) 653-2250
                                   Facsimile: (888) 953-6237